UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOREN K. COLF, et al,

                                       Plaintiffs,

                                                                          DECISION AND ORDER

                                                                          06-CV-6604L

              v.

REGENERATION TECHNOLOGIES, INC.,

                                       Defendant.
_____

       On December 4, 2006, defendant Regeneration Technologies, Inc. removed this action from New York State Supreme Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

       Within days of removal, defendant filed a motion to stay the action (Dkt. #4) pending the issuance of a conditional order by the Judicial Panel on Multidistrict Litigation ("JPML") transferring the case to *In re Human Tissue Products Liability Litigation*, MDL No. 1763, an MDL action that has been established in the District of New Jersey.

       On December 27, 2006, the JPML issued a conditional transfer order in this case. The record is silent as to whether plaintiffs have filed an opposition to transfer with the JPML.

       I find that a stay pending final decision on transfer by the JPML is warranted in order to conserve judicial resources, to avoid duplicative litigation, and to prevent hardship and inequity to the parties. *See e.g.*, *Reid v. Merck & Co., Inc.*, No. 05-CV-6621L, slip op. (W.D.N.Y. Mar. 1,

2006); *Krieger v. Merck & Co., Inc.*, No. 05-CV-6338L, 2005 WL 2921640 (W.D.N.Y. Nov. 4, 2005). I also find that plaintiffs will suffer no undue prejudice as a result of the stay.

Lastly, plaintiffs' pending motion to remand this case to state court does not act as a bar to transfer. The issues plaintiffs raise regarding alleged jurisdictional defects can and should be decided by the transferee court. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir.1990) (where the jurisdictional issue in question is easily capable of arising in more than one court, consistency as well as economy is served by transferring and consolidating cases as to which remand motions are pending).

Defendant's pending motion to stay (Dkt. #4) is **GRANTED**.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 11, 2007.